Law Offices of Jonathan Matthews
SBN 232157
1321 40th Street #223
Emeryville, CA 94608
Phone: 415-283-6320
Email: **arbitrator@yahoo.com**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA ARCENEAUX,<br><br>Plaintiff,<br><br>vs.<br><br>MARIN HOUSING AUTHORITY,<br><br>DEFENDANT | Case No.: <br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

NOW COMES PLAINTIFF YOLANDA ARCENEAUX, who alleges as follows:

### JURISDICTION AND VENUE

1. This is, in part, an action authorized and instituted pursuant to 42 U.S.C. Section 1983.

### PARTIES

2. Plaintiff YOLANDA ARCENEAUX (hereinafter "Arceneaux":), is, and at all times herein mentioned here, a resident of the State of California.

3. Defendant MARIN HOUSING AUTHORITY (hereinafter "HOUSING"), is a public institution which operates in the State of California in Marin County at 4020 Civic Center Drive, San Rafael, CA 94903.

## FACTUAL ALLEGATIONS

4. Plaintiff moved into an apartment at 315 Drake Avenue in Marin City, CA near the end of 2009. HOUSING was the propert manager for the unit.

5. In or around February 2010, Plaintiff's daughter was attacked by 3 women who were aware the family were newcomers to Marin City. Plaintiff reported this incident to the police and notified HOUSING about the incident by phone.

6. In March 2010, Plaintiff's daughter was attacked by the same group of women; Plaintiff reported this incident to the Marin County Sheriff and notified HOUSING by telephone.

7. In June 2010, Plaintiff's daughter was attacked by a crowd of people that contained some of the same people involved in previous attacks. Plaintiff reported this incident to the Marin County Sheriff and to HOUSING by phone.

8. Later in the summer of 2010, Plaintiff's daughter was attacked near her residence. Plaintiff reported this incident to the Sheriff and to HOUSING by phone.

9. HOSUNG had a meeting with Pastor Marcus Small, SENECA, and Plaintiff in response to the previous incidents.

10. On or about July 26, 2012, six gunshots were fired at Plaintiff's residence while she and relatives Nia, Rohin, April, Najaha, Aminety were at the residence. Plaintiff reported this incident in person to MARIN and requested a change in residence out of fear for her personal safety.

11. In January 2013, Plaintiff's son Lavanial Williams, who came to visit Plaintiff to celebrate his 17th birthday, was killed by gunfire near her residence in the complex. This incident received extensive coversge in the county newspaper Marin Independent Journal.

12. HOUSING responded to the fatal January incident by issuong Plaintiff housing voucher in March 2013.

13. In or around June 2013 HOUSING took back the voucher they had previously offered to Plaintiff.

14. As a result of the January incident ARCENEAUX permqnently was deprived of the moral and financial support of Lavanial Williams.

15. HOUSING did not locate or obtain emergency or alternative housing for ARCENEAUX following the initial shooting in 2012 or the fatal January 2013 incident.

16. HOUSING initiated eviction proceedings against ARCENEAUX after she reported violent incidents regarding her family and requested alternative housing following the death of her son Lavanial Williams.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Negligence

17. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

18. Defendant HOUSING owed and continues to owe a duty of care to third parties, and more particularly to their tenants such as the Plaintiff.

19. Defendant HOUSING had a further duty to ensure that complaints of harassment and violence were properly handled and the investigation conducted in a fair, impartial and/or non-discriminatory manner.

20. Defendant HOUSING voluntarily contracted, promised and/or agreed and thereby assumed a legal duty to ensure that complaints of harassment and violence were properly handled.

21. Defendant HOUSING breached its duty of care owed to Plaintiff ARCENEAUX by and through the following acts and/or omissions, which include but are not limited to:

A. Failing to properly and adequately train its managerial employees, to properly respond to complaints of violence;

B. Failing to carefully and diligently supervise its employees to prevent them from improperly handling complaints of harassment and violence.

D. Failing to implement and/or take appropriate remedial action once it knew or should have known that its employees were mishandling complaints of harassment and violence:

E. Failing to conduct a reasonable, proper and appropriate investigation.

F. Failing to abide by its own express and implied employment policies and procedures;

G. Failing to exercise reasonable care under the circumstances.

22.. The above-named Defendant's conduct was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff ARCENEAUX

- 4 -
**COMPLAINT – ARCENEAUX v. MARIN HOUSING**

## SECOND CAUSE OF ACTION

### Retaliation - (Reprisal for Engaging in Protected Activities)

23. The foregoing paragraphs are realleged and incorporated by reference herein.

24. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus

## THIRD CAUSE OF ACTION

### Negligence – Wrongful Death

25. The foregoing paragraphs are realleged and incorporated by reference herein.

26. The Plaintiff claims damages for the wrongful death of her son and seeks damages for the full value of the life of Lavanial Williams.

OTHER CLAIMS

27. Plaintiff ARCENEAUX respectfully requests leave to amend her Complaint to add additional parties and/or claims upon completing initial discovery. It may be necessary to name agents or employees of the Defendant, and to add additional claims if additional investigation and discovery elicits information that supports such claims.

DAMAGES

28.     The conduct of the above-named Defendant, caused injuries, damages and harm to Mrs. ARCNEAUX, including, but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential losses.

WHEREFORE, Plaintiff Yolanda Arceneaux requests judgment and damages against Defendant, Marin Housing Authority, as follows:

A. A declaratory judgment that Defendant has violated Mrs. Arceneaux's rights to be free from harrassment and violence at her place.

B.     An award to Mrs. Arceneaux for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential losses;

C.     An award to Mrs.. Arceneaux for exemplary and/or punitive damages in an amount to be shown at trial;

D.     An award to Mrs.. Arceneaux of interest on any awards at the highest rate allowed by law; and

E.     Such other and further relief as this Court deems just and appropriate.

PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW

Respectfully submitted this ___7th day of January, 2015.

1 *[signature]*

Jonathan Matthews

ATTORNEY FOR PLAINTIFF

**COMPLAINT – ARCENEAUX v. MARIN HOUSING**

## VERIFICATION

The undersigned, for herself, declares:

I, Yolanda Arceneaux, am the Plaintiff in the above entitled action. I have read the foregoing complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. I signed this document in _San Ramon_, CA.

Date: 12-30-2014

_/s/ Yolanda Arceneaux_
YOLANDA ARCENEAUX