UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA ARCENEAUX,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARIN HOUSING AUTHORITY,<br><br>　　　　Defendant. | Case No. 15-cv-00088-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Defendant Housing Authority of the County of Marin[1] ("Defendant") moves to dismiss Plaintiff Yolanda Arceneaux's ("Plaintiff") Complaint for lack of subject matter jurisdiction and failure to state a claim. Dkt. No. 14. Plaintiff has filed an Opposition (Dkt. No. 17) and Defendant filed a Reply (Dkt. No. 23). The Court finds this matter suitable for disposition without oral argument and VACATES the April 2, 2015 hearing. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

Plaintiff moved into an apartment at 315 Drake Avenue in Marin City, California near the end of 2009. Compl. ¶ 4, Dkt. No. 1. Defendant was the property manager for the unit. *Id.* In or around February 2010, Plaintiff's daughter was attacked by three women who were aware the family were newcomers to Marin City. *Id.* ¶ 5. Plaintiff reported this incident to the police and notified Defendant about the incident by phone. *Id.* In March 2010, Plaintiff's daughter was attacked by the same group of women; Plaintiff reported this incident to the Marin County Sheriff and again notified Defendant by telephone. *Id.* ¶ 6. In June 2010, Plaintiff's daughter was attacked by a crowd of people that contained some of the same people involved in previous

---

[1] Sued herein as Marin Housing Authority.

1    attacks. *Id.* ¶ 7. Plaintiff reported this incident to the Marin County Sheriff and to Defendant by
2    phone. *Id.* Later that summer, Plaintiff's daughter was attacked near her residence. *Id.* ¶ 8.
3    Plaintiff reported this incident to the Sheriff and to Defendant by phone. *Id.* On or about July 26,
4    2012, six gunshots were fired at Plaintiff's residence. *Id.* ¶ 10. Plaintiff reported this incident in
5    person to Defendant and requested a change in residence out of fear for her personal safety. *Id.*

6          In January 2013, Plaintiff's son, who came to visit Plaintiff to celebrate his 17th birthday,
7    was killed by gunfire near her residence in the complex. *Id.* ¶ 11. This incident received
8    extensive coverage in the county newspaper Marin Independent Journal. *Id.* Defendant responded
9    to the fatal January incident by issuing Plaintiff a housing voucher in March 2013. *Id.* ¶ 12.
10   However, in or around June 2013, Defendant took back the voucher and did not locate or obtain
11   emergency or alternative housing for Plaintiff and her family. *Id.* ¶¶ 13, 15. Instead, Plaintiff
12   alleges that Defendant initiated eviction proceedings against her in or around 2013, after she
13   reported the violent incidents regarding her family and requested alternative housing. *Id.* ¶ 16.

14         Plaintiff filed the present Complaint on January 8, 2015. She alleges three causes of
15   action: (1) negligence, (2) retaliation, and (3) wrongful death. *Id.* ¶¶ 17-28. In the jurisdiction
16   portion of her Complaint, Plaintiff alleges: "This is, in part, an action authorized and instituted
17   pursuant to 42 U.S.C. Section 1983." *Id.* ¶ 1.

18         On February 25, 2015, Defendant filed its Motion to Dismiss. Defendant moves to dismiss
19   pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(l), on the ground that the Complaint
20   fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a)(l), and that
21   the Court lacks supplemental jurisdiction over Plaintiff's state law claims. Mot. at 1. Defendant
22   also seeks dismissal under Rule 12(b)(6), arguing that Plaintiff's Complaint fails to state a claim
23   for violation of 42 U.S.C. § 1983 because she fails to identify a specific statute or regulation that
24   provides her a federal enforceable right as a basis for her claim. *Id.* In addition, Defendant argues
25   that Plaintiff's state law claims for negligence, retaliation, and wrongful death are barred because,
26   as a matter of law, public housing authorities have no duty to protect tenants or their guests from
27   criminal acts of third parties in the absence of a dangerous condition of property. *Id.*
28   Alternatively, Defendant argues that it is immune from liability under California Government

Code section 845. *Id.*

## LEGAL STANDARD

Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and

1  common sense." *Id.* at 679.

2  If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no
3  request to amend the pleading was made, unless it determines that the pleading could not possibly
4  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en
5  banc) (internal quotation marks and citations omitted). However, the Court may deny leave to
6  amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of
7  the movant, repeated failure to cure deficiencies by amendments previously allowed, undue
8  prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of
9  amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing
10 *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

**A.     Whether Plaintiff States a Federal Claim**

As noted above, Plaintiff alleges jurisdiction under 42 U.S.C. § 1983. Compl. ¶ 1. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A municipal government entity may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). However, § 1983 does not grant jurisdiction, it only provides a remedy where jurisdiction already exists pursuant to 28 U.S.C. § 1343. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States. [O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." (internal quotations and citations omitted)).

Plaintiff alleges no specific statute or regulation providing her a federal enforceable right. The only reference in the Complaint to federal statutes is in Plaintiff's Second Cause of Action, in which she alleges that Defendant retaliated against her "because she engaged in activities

4

protected by Title VII and ADEA." Compl. ¶ 24. Under Title VII of the Civil Rights Act, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privilege of employment because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). The Age Discrimination in Employment Act of 1967, 29 U.S.C §§ 621-34, prohibits employment discrimination against anyone at least 40 years of age. 29 U.S.C. § 631(a). Although retaliation in the employment context is actionable under § 1983 when it is in response to First Amendment activity, *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003), Plaintiff does not allege that she is an employee of Defendant, and she alleges no facts that would support employment discrimination by Defendant.

Although not stated as such in her Complaint, it appears that Plaintiff may be attempting to bring a substantive due process claim for failure to "ensure that complaints of harassment and violence were properly handled and the investigation conducted in a fair, impartial and/or non-discriminatory manner." Compl. ¶ 19. To state a substantive due process claim, Plaintiff must show as a threshold matter that a state actor deprived her of a constitutionally protected life, liberty, or property interest. *See Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). However, the Due Process Clause generally does not require the state to "protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195 (1989). Consequently, the state's failure to protect an individual from "harms inflicted by persons not acting under color of law" will not ordinarily give rise to § 1983 liability. *Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998).

There are two exceptions to the general rule that a public entity's failure to protect an individual from harms by non-governmental actors will not ordinarily give rise to § 1983 liability: (1) the "special relationship" exception; and (2) the "danger creation" exception. *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007). When the state has "created a special relationship with a person, as in the case of custody or involuntary hospitalization," courts have imposed liability "premised on an abuse of that special relationship." *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992). The danger creation exception requires affirmative conduct by the state, creating a danger that the plaintiff would not have otherwise faced. *Johnson*, 474 F.3d at 641.

5

The first exception does not apply in this case. There is no indication that a "special relationship" created by state law exists between Plaintiff and Defendant. As to the second exception, there is no indication that Defendant's affirmative actions placed Plaintiff's liberty or property in more danger than already existed. In her Opposition, Plaintiff argues that her "housing was at the bottom of the hill and easily accessible to those who either wanted to physically assault or shoot her and her family." Opp'n at 8. However, even if the Court were to accept this for the proposition that Defendant somehow acted with deliberate indifference, it is misplaced in light of the Supreme Court's holding that the Due Process Clause is not a guarantee of safety and security. *DeShaney*, 489 U.S. at 195 ("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."). Such inaction on Defendant's part does not rise to the level of affirmatively placing Plaintiff in a position of danger. *Compare Penilla v. City of Huntington Park*, 115 F.3d 707, 708-09, 711 (9th Cir. 1997) (per curiam) (danger creation exception applicable where man died of respiratory failure after police locked him in his house and cancelled a neighbor's 911 request for emergency services ); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1057-58 (9th Cir. 2006) (plaintiff killed by neighbor after reporting neighbor for molestation; danger creation exception applicable because police officer assured the plaintiff he would notify her prior to contacting the neighbor and then confronted neighbor without notifying her). As there is no indication that Defendant affirmatively placed Plaintiff's liberty or property in danger, it does not appear that Plaintiff can state a claim under § 1983. Accordingly, the Court shall permit Plaintiff the opportunity to amend her Complaint if she can allege facts that show affirmative conduct, not just inaction, by Defendant creating a danger that Plaintiff would not have otherwise faced. *Johnson*, 474 F.3d at 641.

In her Opposition, Plaintiff argues that "42 U.S.C. [§] 3617 . . . provide[s] statutory

authority to bring a retaliation claim for housing." Opp'n at 9. Based on this argument, it appears that she seeks to bring a claim under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-19. The FHA prohibits discrimination in the rental or sale of housing, 42 U.S.C. § 3604, and makes it unlawful "to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected" by the FHA, 42 U.S.C. § 3617. To state a claim for retaliation under the FHA, Plaintiff must show: (1) she engaged in protected activity; (2) Defendant subjected her to an adverse action; and (3) a causal link between the protected activity and the adverse action. *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (citations omitted).

While Plaintiff may be able to state a claim for retaliation under the FHA, she does not allege such a claim in her Complaint, and "[i]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal. 2010) (internal quotation and citation omitted). Thus, the Court shall grant Plaintiff leave to amend her Complaint if she is able to allege a claim for retaliation for exercising any right protected by the FHA. Accordingly, the Court GRANTS Defendant's Motion as to Plaintiff's § 1983 and potential FHA claims WITH LEAVE TO AMEND.

**B.     State Law Claims**

1.     <u>Compliance with California Tort Claims Act</u>

As to Plaintiff's negligence and wrongful death claims, Defendant first argues they fail because Plaintiff did not timely present a government claim as required by the California Tort Claims Act ("CTCA"). Mot. at 4. California Government Code section 945.4 states that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or . . . deemed to have been rejected. . . ." Cal. Gov't Code § 945.4. Thus, presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1240 (2004). Compliance with the CTCA is an element of the cause of action, *id.*, and is therefore required, *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); "failure to file a claim is

7

1 fatal to a cause of action[.]" *Hacienda La Puente Unified Sch. Dist. of L.A. v. Honig*, 976 F.2d
2 487, 495 (9th Cir. 1992); *City of Stockton v. Superior Court*, 42 Cal. 4th 730,738 (2007).  Pursuant
3 to California Government Code sections 911.2 and 945.6, a claimant must present a claim for
4 personal injury within six months after the accrual of the cause of action.

5 The Court notes that Plaintiff's Complaint omits any mention of her compliance with the
6 claim presentation requirement of the CTCA.  She did not attach a copy of her government claim
7 to the Complaint, and she does not allege she timely filed a government claim with Defendant.
8 However, as part of its Motion, Defendant asks the Court to take judicial notice of the following
9 documents (1) a government claim submitted by Plaintiff, dated November 6, 2013, for wrongful
10 death in connection with the shooting of Plaintiff's son; (2) a letter from Defendant, dated
11 November 14, 2013, returning Plaintiff's claim as untimely; and (3) Plaintiff's request, dated
12 November 20, 2013, for permission to file a late claim.  Req. for Judicial Notice, Dkt. No. 14-2.
13 Defendant also requests the Court take judicial notice that its governing board did not grant or
14 deny the application to file a late claim within 45 days, thereby operating as a denial of the
15 application on the 45th day under California Government Code section 911.6(c).[2]  Plaintiff filed
16 no opposition to this request.  The Court finds these matters are properly subject to judicial notice
17 and hereby GRANTS Defendant's request.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.
18 2003); *Livingston v. Sanchez*, 2012 WL 3288177, at *4 (E.D. Cal. Aug. 10, 2012).

19 There is no dispute that Plaintiff did not file her claim within the six months as required by
20 the CTCA.  In her Opposition, Plaintiff argues that her failure to file a timely claim should not act
21 as a bar because "[t]he devastating events surrounding the Plaintiff's loss of her son caused her
22 great emotional turmoil and contributed to the inability of the clam to be made within time; sadly,
23 [Defendant] did not show understanding for her condition and honor the late-filed claim."  Opp'n
24 at 7.  The Court shall construe this argument as a petition under California Government Code
25 section 946.6.

---

[2] "If the board fails or refuses to act on an application within the time prescribed by this section, the application shall be deemed to have been denied on the 45th day or, if the period within which the board is required to act is extended by agreement pursuant to this section, the last day of the period specified in the agreement."  Cal. Gov't Code § 991.6(c).

1       2.      <u>Relief from Requirement to Present a Timely Claim</u>

Under California Government Code section 946.6, a would-be claimant may petition a court for an order relieving the petitioner from the requirement of section 945.4 to present a timely claim. Section 946.6 requires the petition to "show each of the following: (1) That application was made to the board under Section 911.4 and was denied or deemed denied[;] (2) The reason for failure to present the claim within the time limit specified in Section 911.2[; and] (3) The information required by Section 910." Cal. Gov't Code § 946.6(b). "The Ninth Circuit has not decided whether a federal court, rather than a state court, has jurisdiction to rule on a petition for leave to file a late claim, and there is a split of authority among California's district courts." *Maeshack v. Avenal State Prison*, 2012 WL 2915017, at *2 (E.D. Cal. July 16, 2012) (collecting cases). However, given that this Court has previously considered a section 946.6 petition, *see Rahimi v. Nat'l R.R. Passenger Corp. (Amtrak)*, 2009 WL 1883756, at *4 (N.D. Cal. June 30, 2009), the Court shall construe Plaintiff's Opposition as such a request.

Section 946.6(c) sets forth the standard for granting a petition, and provides in part:

> (c) The court shall relieve the petitioner from the requirements of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that one or more of the following is applicable:
>
> (1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section 945.4.

Cal. Gov't Code § 946.6(c). To be entitled to relief, the petitioner must make the showing by a preponderance of the evidence. *Ebersol v. Cowan*, 35 Cal. 3d 427, 432 (1983). In evaluating whether a petitioner has made a sufficient showing under section 946.6(c)(1), the Court applies the same standards as required by California Code of Civil Procedure section 473 for relieving a party from default judgment. *Bertorelli v. City of Tulare*, 180 Cal. App. 3d 432, 438 (1986).

California courts have defined "excusable neglect" as "the act or omission that might be expected of a prudent person under similar circumstances." *Dep't of Water & Power v. Superior*

*Court*, 82 Cal. App. 4th 1288, 1293 (2000).  Notably, "[i]t is not shown by the mere failure to discover a fact until it is too late; the party seeking relief must establish that in the exercise of reasonable diligence, he failed to discover it."  *People ex rel. Dep't of Trans. v. Superior Court (Isenhower)*, 105 Cal. App. 4th 39, 44 (2003) (citing *Munoz v. State of Cal.*, 33 Cal. App. 4th 1767, 1783 (1995)).  As the California Court of Appeal explained:

> The law neither expects nor requires an unsophisticated claimant to undertake an in-depth investigation into the possible liability of public entities, or to be aware of the peculiar time limitations of the governmental claims statues.  However, California cases are uniformly clear that *"a petitioner may not successfully argue excusable neglect when he or she fails to take any action in pursuit of the claim within the six-month period.* The claimant *must, at a minimum, make a diligent effort to obtain legal counsel within six months after the accrual of the cause of action.* Once retained, it is the responsibility of legal counsel to diligently pursue the pertinent facts of the cause of action to identify possible defendants.

*Id.* at 44-45 (citations omitted) (emphasis in original).  If the petitioner makes a sufficient showing under section 946.6(c)(1), the Court must then consider whether the public entity would be prejudiced by the granting of the petition.  *Ebersol*, 35 Cal. 3d at 432.

The initial question is whether Plaintiff has established any of the criteria set forth in section 946.6(c)(1) allowing this Court to relieve her from the claim-filing requirements.  Toward this end, Plaintiff proffers that "[t]he devastating events surrounding the Plaintiff's loss of her son caused her great emotional turmoil and contributed to the inability of the clam to be made within time."  Opp'n at 7.  In the November 20, 2013 request to Defendant, Plaintiff's counsel stated that Plaintiff "just recently c[a]me to our office seeking representation," and, once counsel informed her of the six-month filing requirement, Plaintiff "was shocked and surprised that she had such limited time especially when she needed the time to grieve rather than rush to find counsel."  Req. for Judicial Notice, Ex. C.

After carefully considering Plaintiff's request, the Court finds that Plaintiff has failed to make a showing sufficient for this Court to grant relief under section 946.6.  Plaintiff has not proffered any evidence demonstrating that, within the six months following the incident, she exercised reasonable diligence in either retaining legal counsel to assist her in bringing the present claims or conducting her own research to determine whether she could bring any claims.  *See*

*Rahimi*, 2009 WL 1883756, at *6 (denying section 946.6 petition where plaintiffs did not retain an attorney within six months following the incident). The record shows that Plaintiff did not retain an attorney until around November 2013, well after the six-month claim-filing deadline had elapsed. Req. for Judicial Notice, Exs. A & C.

Further, although the Court accepts that Plaintiff may be unfamiliar with the legal system and California's tort-claim filing requirements, California courts have previously considered similar arguments and rejected them as a basis for granting relief under section 946.6. *See, e.g.*, *Isenhower*, 105 Cal. App. 4th at 44-45; *Tsinggaris v. State of Cal.*, 91 Cal. App. 3d 312, 314 (1979). While the notice of claim requirement may not be obvious to the average person, as the California Court of Appeal opined in *Isenhower*, "this demonstrates why the exercise of reasonable diligence requires a person to make at least some effort to seek out counsel when confronted with a tragedy such as the one at bar." 105 Cal. App. 4th at 45. Thus, the Court finds that Plaintiff has failed to demonstrate by a preponderance of the evidence that her failure to present Defendant with her tort claim was the result of excusable neglect. Accordingly, Plaintiff's state law claims must be DISMISSED WITHOUT LEAVE TO AMEND.

## CONCLUSION

Based on the analysis above, the Court **GRANTS** Defendant's 12(b)(6) Motion **WITH LEAVE TO AMEND** if she can allege a viable § 1983 and/or retaliation claim under the FHA. Defendant's Motion is **GRANTED WITHOUT LEAVE TO AMEND** as to Plaintiff's state law claims. Because Plaintiff may be able to amend her Complaint to include a viable federal claim, Defendant's 12(b)(1)Motion is **DENIED WITHOUT PREJUDICE**. Plaintiff shall file her amended complaint by April 9, 2015.

**IT IS SO ORDERED.**

Dated: March 19, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge